■ MARILYN STAR, as Executrix of CARL STAR, Deceased, Respondent, v PATRICIA BERRIDGE et al., Appellants, et al., Defendant.—In a negligence action to recover damages for personal injuries and wrongful death, the defendants Cameo East Meadow, Marvin Gerla, and Stanley Gerla appeal, and the defendant Patricia Berridge separately appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated December 13, 1988, which denied their separate motions for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, the appellants' motions for summary judgment are granted and the complaint is dismissed insofar as it is against the appellants; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The gravamen of the plaintiff's complaint to recover damages for personal injuries and wrongful death is based on allegations that the illness and subsequent death of the plaintiff's decedent was caused by his exposure to radiation emanating from an X-ray machine owned by the appellant Patricia Berridge, and operated by her in her office, which was leased from the appellant Cameo East Meadow, a partnership consisting of the appellants Marvin Gerla and Stanley Gerla and the defendant Joseph Gerla, who were also sued in their individual capacities. Berridge's office was located adjacent to the office of the plaintiff's decedent for approximately 4½ years. About two years after Berridge vacated her office, the plaintiff's decedent's symptoms allegedly first appeared.

Contrary to the plaintiff's contention, we find that the appellants' submissions on their motions for summary judgment, including experts' affidavits, established that none of their alleged actions or omissions constituted negligence and that in any event, any negligence on their part did not cause the injuries and death of the plaintiff's decedent. We specifically note that none of the submitted medical documentation concerning the illness and subsequent death of the plaintiff's

decedent indicate that his condition was caused by any exposure to radiation. The bare conclusory allegations in the affidavit of the plaintiff's expert are insufficient to raise a triable issue of fact precluding summary judgment in favor of the appellants. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.